**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **AMANDA RIGGIO** | **DOCKET NO. ________** |
| **VERSUS** | **JUDGE __________** |
| **WAL-MART STORES, INC., ET AL.** | **MAGISTRATE JUDGE ______** |

**NOTICE OF REMOVAL AND JURY DEMAND**

NOW INTO COURT, through undersigned counsel, come WAL-MART LOUISIANA, LLC, WAL-MART STORES, INC., WAL-MART STORES EAST, L.P., and ANTHONY JAMES CHESTER, defendants in the above entitled cause, and appearing solely for the purpose of presenting this Notice of Removal of the above entitled cause to this Honorable Court under the provisions of 28 U.S.C. § 1441, *et seq.*, and reserving all rights, respectfully show as follows:

1.

This suit was filed by plaintiff in the First Judicial District Court, Caddo Parish, Louisiana, on the 12th day of September, 2013.

2.

All defendants join in this Notice of Removal

3.

Defendants Wal-Mart Louisiana, LLC, Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P., were each served with citation and a certified copy of the petition on or about September 20, 2013. Defendant, Anthony James Chester, was served with citation and a certified copy of the Petition on October 8, 2013. An Answer was filed on behalf of defendants in the state court proceeding on November 4, 2013.

4.

Defendants allege that plaintiff, AMANDA RIGGIO, is a resident, citizen, and domiciliary of the State of Louisiana.

5.

This action is of a civil nature at law. At the time plaintiff's Petition was filed and at the time of this removal, defendant Wal-Mart Louisiana, LLC was and is now a Delaware limited liability company. The sole member of Wal-Mart Louisiana, LLC is Wal-Mart Stores East, LP, a Delaware limited partnership. The general partner of Wal-Mart Stores East, LP is WSE Management, LLC, a

Delaware limited liability company. The limited partner of Wal-Mart Stores East, LP is WSE Investment, LLC, a Delaware limited liability company. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. The sole member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business located in the State of Arkansas.

6.

Defendant, Anthony James Chester ("Chester") is alleged to be a Louisiana citizen. His presence as a Defendant would otherwise destroy diversity. As set forth more fully hereafter, Defendants allege Chester was improperly joined solely to destroy the diversity jurisdiction of this Court.

7.

A diverse defendant may establish that an in-state defendant was improperly joined for the purpose of defeating its removal rights by demonstrating the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Central R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

8.

The *Smallwood* test requires defendant to show there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Id.*

9.

The district court may conduct a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.

10.

Plaintiff's only allegations of negligence against Chester relate to his administrative duties as store manager. The plaintiff alleges that Chester "was the Store Manager of Wal-Mart Store No. 0278." (Plaintiff's Petition, Paragraph 1). The plaintiff also alleges that Chester "[failed] to make proper and prompt repairs to prevent and correct safety hazards resulting from the leaking roof although he knew or should have known for a considerable period of time that the roof was leaking and did not take proper steps necessary to protect the store customers from being injured from safety hazards created by unknown and unmarked water on the floor." (Plaintiff's Petition, Paragraph 7(g)). The plaintiff

further alleges that Chester failed to make any attempt at correcting the leaking roof or the danger created by it. (Plaintiff's Petition, Paragraph 7(h) and (i)). There are no other allegations made against Chester.

11.

Each of plaintiff's allegations against Chester fall within the realm of general administrative duties.

12.

As set forth by this Court in *Carter v. Wal-Mart Stores, Inc.*, 2005 WL 1831092, at *3 (W.D. La. 7/28/05), Louisiana law does not recognize any theory of recovery against a store manager "simply because of his general administrative responsibility for performance of some function of employment."

13.

This Court has recognized that general complaints that a store manager "failed to inspect, failed to take reasonable steps to maintain safety, created and exposed others to a hazard, failed to warn . . . and failed to supervise and train employees" set forth "a classic case of attempting to place liability upon a store manager 'simply because of his general administrative responsibility for

performance of some function of employment.'" *Dusang v. Lowes Homes Centers*, 2008 WL 3884395, at *3 (W.D. La. 7/29/08).

14.

In order for the store manager to be held individually liable for a customer's injury on store premises, plaintiff must satisfy four distinct criteria:

a. First, the employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought.

b. Second, this duty is delegated by the employer to the employee.

c. Third, the employee has breached this duty through personal fault, as contrasted with technical or vicarious fault.

d. Fourth, personal liability cannot be imposed upon the employee because of his general administrative responsibility for performance of some function of employment.

*Canter v. Koehring*, 283 So.2d 716, 721 (La. 1973); *Carter, supra*.

15.

Just as in *Carter*, plaintiff generically alleges the manager was responsible simply because he was a manager. Under plaintiff's allegations, the store manager of every store would be personally liable for every accident that happens on the premises.

16.

The store manager's duties do not entail a personal duty to ensure plaintiff's safety.

17.

The Fifth Circuit has recognized that defendants may support a claim of fraudulent (now improper) joinder with affidavits. *Burden v. General Dynamics Corp*, 60 F.3d 213, (5th Cir. 1995); *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. 1981).

18.

Based upon plaintiff's pleadings and the affidavit of Chester attached hereto, there is no reasonable basis upon which this Court can predict that plaintiffs might be able to recover against defendant Chester.

19.

Accordingly, defendant Chester has been improperly joined and the Court should disregard his citizenship for purposes of determining diversity jurisdiction.

20.

All remaining defendants are diverse from all plaintiffs.

21.

In her Petition for Damages, plaintiff alleges that she was injured when she slipped and fell in a liquid substance on the floor at the Wal-Mart store in Ruston, Louisiana, on September 12, 2013.

22.

Plaintiff alleges in her Petition that she has suffered the following damages:

A. Past, present and future medical and attendant expenses;

B. Past, present and future physical and mental pain, suffering and inconvenience;

C. Disability,

D. Past and present loss of earnings as well as future loss of earnings capacity; and

E. Loss of quality of life.

23.

Consistent with Louisiana law, plaintiff does not allege any specific monetary amount for the value of the claims made in her Petition.

24.

Nothing on the face of plaintiff's Petition in state court suggested that the value of plaintiff's claims exceeded $75,000.00.

25.

On or about January 27, 2013, defendants received plaintiff's Answers to Interrogatories and Responses to Request for Production.

26.

Plaintiff attached certain medical records to her discovery responses which show that Plaintiff underwent a subtalar orthrodesis and right ankle orthrodesis.

27.

In response to Wal-Mart's Request for Production No. 1, which requested Plaintiff to produce copies of all medical records and bills, Plaintiff attached documentation showing Plaintiff's total medical bills to be $50,265.26.

28.

The amount in controversy in this suit exceeds $75,000.00, since her medical records reflect right ankle problems that have required surgery.

29.

Accordingly, plaintiff's damage claims exceed the jurisdictional threshold of this Court.

30.

During the time this matter was pending in the First Judicial District Court, defendants had no basis to believe that the value of plaintiff's claim met the jurisdictional threshold of this Court.

31.

The receipt of plaintiff's medical records and responses to discovery on January 27, 2014 constitute defendants' first notice that this case became removable, and defendants file this Notice of Removal within thirty (30) days thereof.

32.

Pursuant to 28 USC § 1446(b), this Notice of Removal is timely because the medical records of plaintiff, received by defendants on January 27, 2014 constitute an "other paper from which it was first ascertained that the case is one which is or has become removable," and the Notice of Removal is filed within one year after the commencement of the action.

33.

This Court has jurisdiction of this cause of action under 28 USC § 1332.

34.

The proper court for removal is the United States District Court for the Western District of Louisiana, Shreveport Division.

35.

Defendants file as Exhibit A herewith copies of the entire record in the district court, which consists of the following:

(1) Petition;

(2) Citations issued to Wal-Mart Stores, Inc., Anthony Chester and Wal-Mart Stores East, L.P.;

(3) Service of Process Transmittal;

(4) Answer and Jury Demand; and,

(5) Request for Ten Days' Notice of Setting and for Notice of Judgment.

36.

Defendants further show unto the Court that immediately upon the filing of this Notice of Removal, a copy of same shall be served upon all adverse parties

and a copy filed with the Clerk of the First Judicial District Court, Caddo Parish, Louisiana, all in accordance with 28 USC § 1446(d).

37.

Defendants are entitled to and request a trial by jury.

Shreveport, Louisiana, this 24th day of February, 2014.

BLANCHARD, WALKER, O'QUIN & ROBERTS
(A Professional Law Corporation)

By: /s/ B. Slattery Johnson, Jr.
Paul M. Adkins, Bar #14043
B. Slattery Johnson, Bar #31486

1400 Chase Tower
Post Office Drawer 1126
Shreveport, Louisiana 71163-1126
Telephone: (318) 221-6858
Telecopier: (318) 227-2967
E-Mail: padkins@bwor.com
E-Mail: sjohnson@bwor.com

ATTORNEYS FOR DEFENDANTS,
WAL-MART STORES, INC.,
WAL-MART STORES EAST, L.P.
WAL-MART LOUISIANA, LLC, and
ANTHONY JAMES CHESTER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Notice of Removal has this date been served upon the following by placing same in the United States Mail, postage paid:

Honorable Gary Loftin
First Judicial District Court
501Texas Street, Room 103
Shreveport, LA 71101

Mr. Raleigh Newman
1830 Hodges Street
Lake Charles, Louisiana 70601

Shreveport, Louisiana, this 24th day of February, 2014.

/s/ B. Slattery Johnson, Jr.
OF COUNSEL