U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUL - 9 2014

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| AMANDA RIGGIO | CIVIL ACTION NO: 14-0442 |
| VERSUS | JUDGE DONALD E. WALTER |
| WAL-MART STORES, INC. ET AL | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before the Court is a Motion to Remand [Doc. #7], filed by the Plaintiff, Amanda Riggio. Defendants, Wal-Mart Louisiana LLC ("Wal-Mart") and Anthony James Chester ("Chester") oppose the motion.

Plaintiff, a citizen of Louisiana, filed suit in the First Judicial District Court, Caddo Parish, Louisiana, alleging that she was injured when she slipped and fell in water on the floor of a local Wal-Mart store, which allegedly accumulated due to a leaking roof. Plaintiff filed suit against Wal-Mart alleging a general negligence claim.[1] Plaintiff also named Chester (the general manager of the store in question) as a defendant, alleging that Chester was grossly negligent by failing to inspect the property and make necessary repairs to the roof to prevent a safety hazard. Chester is a non-diverse citizen of Louisiana. Wal-Mart removed this matter to federal court pursuant to 28 U.S.C. § 1441, alleging that Chester was improperly joined solely to destroy the diversity jurisdiction of the court.

---

[1] Wal-Mart Louisiana, LLC is a Delaware limited liability company. The sole member of Wal-Mart Louisiana, LLC is Wal-Mart Stores East, LP, a Delaware limited partnership. The general partner of Wal-Mart Stores East, LP, is WSE Management, LLC, a Delaware limited liability company. The limited partner of Wal-Mart Stores East, LP is WSE Investment, LLC, a Delaware limited liability company. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. The sole member of Wal-Mart stores East, LLC is Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in the State of Arkansas.

The burden of proof for establishing federal jurisdiction is placed on the party seeking removal. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1991). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

A removing party may establish improper joinder by demonstrating "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Central R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In reviewing a claim for improper joinder all factual allegations are reviewed in a light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). When considering the issue of improper joinder, the court may pierce the pleadings and consider summary judgment type evidence such as affidavits or deposition testimony. *Cavallini v. State Farm Mutual Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). However, the Fifth Circuit has instructed the district courts to apply a standard closer to Rule 12(b)(6). *McKee v. Kansas City Southern R. Co.*, 358 F.3d 329, 333-34 (5th Cir. 2004).

This court must apply Louisiana law to evaluate the sufficiency of Plaintiff's claim against Chester. Under Louisiana law a store manager or other employee may not be held liable to a customer injured on store premises unless four distinct criteria are satisfied. *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973); *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994). First, the employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought. *Canter*, 283 So.2d at 721. Second, this duty is delegated by the employer to the employee. *Id.* Third, the employee has breached this duty through personal fault, as contrasted with technical or vicarious fault. *Id.* Fourth, personal liability cannot be imposed upon

the employee because of his general administrative responsibility for performance of some function of employment. *Id.* He must have a personal duty to the plaintiff, and the breach of that duty must have caused the plaintiff's damages. *Id.* Also, if the defendant's responsibility was delegated with due care to a subordinate, he is not liable unless he knew or should have known of the non-performance or mal-performance of the duty by the subordinate. *Id.*

To maintain a cause of action against Chester it must be shown that Wal-Mart delegated its duty to him and that he personally breached that duty. Wal-Mart, as a merchant, owes its patrons a duty to exercise reasonable care to keep its floors in a reasonably safe condition, ensuring that the premises are free of hazardous conditions which might reasonably cause damage. La. R.S. 9:2800.6.

Plaintiff alleges in her complaint that "on information and belief it is alleged that the water which petitioner slipped in thereby causing her injuries was a result of a leaking roof, which roof had been leaking and known to have been leaking for a considerable period of time." [Complaint at ¶ 6]. Plaintiff also alleges that Chester knew or should have known for a considerable period of time that the roof was leaking. However, Chester has submitted an affidavit to the court wherein he states that as the store manager he is ultimately responsible for all operations of the store, but he is not personally responsible for the maintenance, supervision, and safety of the entire store. [Doc. #1-2]. Chester also disagrees with the allegation that the roof was leaking, but even if the allegation were true, Chester denies any knowledge of the alleged condition. *Id.* Plaintiff has not filed contradictory evidence in the form of affidavits or deposition testimony to support her allegation that Chester was aware that the roof had been leaking for a considerable period of time prior to her fall.

Plaintiff has failed to demonstrate that Chester had a personal duty to her, which was breached. This appears to be an attempt to place liability on a store manager "simply because of his

3

general administrative responsibility for performance of some function of employment." *Canter*, 283 So.2d at 721. Accordingly, the court finds that Plaintiff has failed to state a claim against Chester and that he was improperly joined to this action. Plaintiff's claims against Chester are hereby **DISMISSED**. The court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332. Plaintiff's Motion to Remand [Doc. #7] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 9 day of July, 2014.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE