UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| AMANDA RIGGIO | CIVIL ACTION NO: 14-442 |
| VERSUS | JUDGE DONALD E. WALTER |
| WAL-MART LOUISIANA LLC | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Doc. #16] filed by Defendant, Wal-Mart Louisiana, L.L.C. ("Wal-Mart"). In this slip and fall action, Wal-Mart moves for summary judgment due to Plaintiff's failure to present any evidence that Wal-Mart knew or should have known about any alleged substance being on the floor. Plaintiff, Amanda Riggio opposes the motion. [Doc. #20]. Wal-Mart also filed a reply.[1] For the reasons assigned herein, Defendant's motion is **GRANTED** and Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.**

### BACKGROUND[2]

This case arises out of an alleged slip and fall incident, occurring on or about September 14 or 15, 2012, at the Wal-Mart store located on East Bert Kouns Industrial Loop in Shreveport, Louisiana.[3] On that date, Plaintiff and her sister, Sandra Berry, were shopping together at Wal-Mart.

---

[1] The Court hereby **GRANTS** Wal-Mart's Motion for Leave to File a Reply in Support of its Motion for Summary Judgment [Doc. #21].

[2] The background facts have been compiled from Plaintiff's complaint [Doc. #1], the parties' statements of fact [Docs. ## 16-1 and 19], and the exhibits attached to the memoranda in support of and in opposition to the motion for summary judgment.

[3] There is conflicting evidence in the record regarding the date on which the accident allegedly occurred. Plaintiff's statement is dated September 13, 2012, while Wal-Mart's incident report is dated September 14, 2012 [Docs. ## 20-8 (statement), 20-5 (incident report)]. Plaintiff's counsel states that Plaintiff and her sister left the store, following the accident, and immediately went to Willis Knighton emergency room, which has a record of their arrival occurring on September 15, 2012. However, aside

It is not readily apparent from the record exactly which aisle Plaintiff claims to have been on when she slipped and fell.[4] In her complaint, Plaintiff alleges that "she slipped and fell in water and/or foreign substances on the floor," resulting from a "leaking roof, which [] had been leaking and [was] known to have been leaking for a considerable period of time." It is undisputed that the roof of this particular Wal-Mart store had experienced leaks in other areas, but Wal-Mart denies any roof leaks in the area where the slip and fall allegedly occured.

Although both Plaintiff and her sister, as well as two Wal-Mart employees, testified in their depositions that it was not raining on the day of Plaintiff's accident, the Wal-Mart incident report states that it was a "rainy day." The incident report also states that the area on which Plaintiff fell had "small drops of water," describes the amount as "very little/drops," and states that the source of the water is "unknown."[5] The responding manager, whose name appears on the incident report, was Anthony James Chester. In his deposition, Mr. Chester testified that, although there were roof leaks in other areas of the Wal-Mart store around the time of Plaintiff's accident, he had no knowledge of any leaks in the specific area where Plaintiff claims that the slip and fall occurred. It is also undisputed that a Wal-Mart greeter, Lorraine Johnson, was present and in the vicinity of

---

from Plaintiff's reference thereto, the Court has not been provided with any such records. [Doc. #20, p. 11 (Plaintiff's memo in opposition to summary judgment refers to the Willis Knighton records but fails to attach said records or cite to any such exhibit in the record)].

[4] The only record reference to a particular area of the store that the Court has been able to locate is that included in Plaintiff's "customer statement," apparently filled out by Plaintiff immediately following her accident. The statement is dated September 13, 2012 at 12:30 p.m. The location of the incident is described as "The front isle (sic) by the Drug Department (No wet sign posted)." Plaintiff also describes the events leading up to the incident as follows: "I was headed to Hardware with a [sic] employee. [noted in the margin to be 'Ms. Larainne (sic)']. My right leg slip (sic) and twisted my angle (sic). I have pain in angle (sic) + leg. After reported wet sign got posted." [Doc. #20-8]. The Court cannot decipher from this vague reference where exactly the accident occurred or how this reference relates to any evidence of roof leaks in particular areas of the roof.

[5] Doc. #20-5.

Plaintiff and the area where the accident allegedly occurred; however, Plaintiff claims that Ms. Johnson was present at the time of the fall, while Ms. Johnson claims to have appeared on the scene after Plaintiff fell. Ms. Johnson likewise testified that she had no knowledge of any roof leaks or water in the area in which Plaintiff fell.

At the time of the accident, Wal-Mart's incident report reflects that Plaintiff was complaining of "ankle pain" and that Plaintiff had slipped and "re-injured [her] ankle."[6] Plaintiff now alleges that the slip and fall resulted in injuries which required extensive medical attention and rendered Plaintiff unable to engage in her regular activities from the date of the accident to and through the present date. At the time of the accident, Plaintiff claims to have been employed by and enrolled in school at Bossier Community College. Due to the injuries caused by this slip and fall, Plaintiff has allegedly been unable to continue in either her employment or her studies.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.* The court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a

---

[6] Doc. #20-5.

genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lawrence v. Univ. of Texas Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311. Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine dispute as to a material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

## LAW AND ANALYSIS

Plaintiff's slip and fall claim is governed by Louisiana's merchant liability "slip and fall" statute, codified at Louisiana Revised Statute 9:2800.6. Under the statute, Wal-Mart meets the definition of a "merchant," and therefore "owes a duty to persons who use [its] premises to exercise reasonable care to keep [its] aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A). In order to succeed in her claim for injuries because of a fall due to a condition existing on Wal-Mart's premises, Plaintiff has the burden of proving that: "(1) [t]he condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable[;] (2) [t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence[; and] (3) [t]he merchant failed to exercise reasonable care." *Id.* at

(B); *Kennedy v. Wal-Mart Stores, Inc.*, 98-1939 (La. 4/13/99); 733 So.2d 1188, 1190 ("In a slip and fall case, the plaintiff's burden of proof is set forth in La. R.S. 9:2800.6."). Wal-Mart has shown that Plaintiff cannot prove that Wal-Mart created or had actual or constructive notice, prior to Plaintiff's slip and fall, of the condition which allegedly caused her injuries; therefore, Wal-Mart is entitled to judgment as a matter of law.

In this case, there is no evidence that Wal-Mart created any hazard or had actual knowledge thereof. *See Gray v. Wal-Mart Louisiana, L.L.C.*, 484 F. App'x 963 (5th Cir. 2012). Plaintiff is therefore required to prove constructive notice. Constructive notice, as it is used in the slip and fall statute, "means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). "The statute does not allow for the inference of constructive notice absent some showing of this temporal element[; t]he claimant must make a positive showing of the existence of the condition prior to the fall." *White v. Wal-Mart, Inc.*, 97-0393 (La. 9/9/97); 699 So.2d 1081, 1084. "The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." La. R.S. 9:2800.6(C)(1). The record clearly shows that no Wal-Mart employee was aware of any water on the floor, in the area where Plaintiff fell, prior her fall.

In support of Plaintiff's theory that any water on the floor was caused by a leaking roof, Plaintiff points to the following evidence: Wal-Mart's response to Plaintiff's request for admission, wherein Wal-Mart admits that the store in question experienced roof leaks; various work orders and maintenance records reflecting maintenance work done on Wal-Mart's roof; an affidavit from a

roofing contractor, Steven Glynn Arabie, who has never inspected the roof on this particular Wal-Mart store; and the deposition testimony of Mr. Chester, stating that there were leaks throughout the store. However, again, Plaintiff fails to offer any evidence that water had been on the floor for any period of time or to link any of this purported evidence to the location in which Plaintiff claims to have slipped and fallen. Both Mr. Chester and Ms. Johnson testified that they had no knowledge of any water on the floor, in the area where Plaintiff fell, prior to her fall. Plaintiff testified that she has no evidence that anyone at Wal-Mart was aware of the water on the floor prior to her slip and fall and that Plaintiff, herself, was not distracted at the time and did not see any water prior to the slip and fall.[7] Plaintiff's sister, Sandra Berry, who was close enough to Plaintiff at the time of her fall for Plaintiff to "catch herself" on her sister, testified that she did not see any water on the floor prior to her sister's fall.[8]

"To avoid a summary judgment motion, mere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff by La. R.S. 9:2800.6." *Allen v. Wal-Mart Stores, Inc.*, 37,352 (La. App. 2 Cir. 6/25/03); 850 So. 2d 895, 898 (citing *Robinson v. Brookshires # 26*, 33,713 (La. App. 2 Cir. 8/25/00); 769 So.2d 639). Here, there is no evidence of any temporal element, nor is the Court able to connect any of the reports of a leaking roof to the vague area in which Plaintiff claims to have fallen. Accordingly, Wal-Mart has met its burden by pointing out an absence of evidence supporting Plaintiff's case, and Plaintiff has failed to come forward with more than a mere scintilla of evidence to show any genuine dispute of material fact.

---

[7] Doc. #16-4, pp. 4-5.

[8] Sandra Berry testified that "[o]nly in [the photo taken after the accident] did [Ms. Berry] realize that [Plaintiff] did slip on some water at Wal-Mart because [Mr. Chester] had the photo that clearly showed us." [Doc. #16-5, p. 4].

## CONCLUSION

For the foregoing reasons, Wal-Mart's motion for summary judgment [Doc. #16] is hereby **GRANTED**. Plaintiff Amanda Riggio's claims against Defendant Wal-Mart Louisiana, L.L.C. are hereby **DISMISSED WITH PREJUDICE**.

It is further ordered that Plaintiff's Motion in Limine [Doc. #22] is hereby **DENIED AS MOOT**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this ___1___ day of May, 2015.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE