UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| AMANDA RIGGIO | CIVIL ACTION NO: 14-442 |
| VERSUS | JUDGE DONALD E. WALTER |
| WAL-MART LOUISIANA LLC | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before the Court is Plaintiff Amanda Riggio's Motion for Reconsideration [Doc. #27] of the Court's prior summary judgment ruling in favor of Defendant, Wal-Mart Louisiana, L.L.C. ("Wal-Mart"). Wal-Mart opposes the motion [Doc. #31]. Plaintiff's motion is filed pursuant to Federal Rule of Civil Procedure 59(e) and seeks reconsideration in order to prevent manifest injustice. Although the Fifth Circuit has noted that the Federal Rules of Civil Procedure "do not recognize a 'motion for reconsideration' *in haec verba*," it has consistently recognized that such a motion may challenge final judgments or orders under Rules 59(e) or 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), overruled on other grounds, *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). The Fifth Circuit "has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478-79 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 479 (quoting *Waltman v. Int'l*

*Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citation omitted). In acknowledging the district court's considerable discretion in ruling on a motion for reconsideration, the Fifth Circuit has identified two important judicial imperatives relating to such motions: (1) the need to bring litigation to an end; and (2) the need to render just decisions on the basis of all the facts. *Id.* (citing *Lavespere*, 910 F.2d at 174). A district court is tasked with striking the proper balance between these two competing interests. *Id.*

In the instant motion, Plaintiff argues that this Court committed legal error by failing to properly consider whether Defendant Wal-Mart could be held liable for creating the condition that caused Plaintiff's damages. Plaintiff claims that summary judgment was improperly granted due to Plaintiff's failure to present evidence of notice, which is not a necessary element to Plaintiff's claim that Wal-Mart allegedly created the unsafe condition. Plaintiff thus asserts that the Court's prior ruling should be reconsidered and summary judgment denied, in order to prevent manifest injustice.

To the contrary, the Court explicitly found that Plaintiff failed to present any "evidence that Wal-Mart created any hazard or had actual knowledge thereof." *See* Doc. #24, p. 5 (citing *Gray v. Wal-Mart Louisiana, L.L.C.,* 484 F. App'x 963 (5th Cir. 2012). Only after dismissing any allegation that Wal-Mart created an alleged hazardous condition did the Court move on to address the issue of constructive notice. *Gray* involved another slip and fall incident, in a Wal-Mart store in Pineville, Louisiana, on a day with heavy rainfall. 484 F. App'x at 964. In *Gray*, for purposes of the internal incident report, a Wal-Mart supervisor had assumed, but did not know, that the source of the relevant puddle of water may have been a hole in Wal-Mart's roof. *Id.* The supervisor was later deposed and clarified that this assumption was based on his knowledge of other leaks in Wal-Mart's roof and the

2

heavy rainfall on the day in question. *Id.* Finding no evidence connecting Wal-Mart employees to the roof leak, the Fifth Circuit affirmed summary judgment in favor of Wal-Mart, as the plaintiff had no proof which might create an issue of fact regarding whether Wal-Mart "created" the roof leak at issue. *Id.* at 966. Here, Plaintiff has likewise failed to create a genuine dispute of material fact, and Wal-Mart is entitled to judgment as a matter of law, for the reasons previously set forth. [Doc. #24]. Finding no basis upon which to reconsider the prior ruling, Plaintiff's motion for reconsideration [Doc. #27] is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this _11_ day of May, 2016.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE